BENSON, District Judge,
dissenting:
The FLSA provides that it is unlawful for an employer
to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee[.]
29 U.S.C. § 215(a)(3). Relying on this provision, the court below found for the employer because it held that “[a]ll of [Plaintiffs] actions ... fell within the ambit of her managerial duties” and she did not “tak[e] a position adverse to that of [her employer.]” I would affirm the district court’s judgment on that ground and hold, consistent with every circuit to have previously addressed the issue, that the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. § 215(a)(3), requires a manager to step outside of his or her role as a manager in order to file a complaint. I therefore disagree with the majority’s opinion and respectfully dissent.
In McKenzie v. Renberg’s Inc., the United States Court of Appeals for the Tenth Circuit became the first appellate court to announce that to “file any complaint” must necessarily require something more of managers than lower-level employees (the “manager rule”). 94 F.3d 1478, 1487 (10th Cir.1996). In McKenzie, a personnel director sought protection under § 215(a)(3) when she was fired after reporting her FLSA concerns to the company president regarding the computation of overtime. Id. at 1481. The Tenth Circuit held that the plaintiff “never crossed the line from being an employee merely performing her job as personnel director to an employee lodging a personal complaint about the wage and hour practices of her employer and asserting a right adverse to the company.” Id. at 1486 (emphasis in original). The McKenzie court reasoned: “Despite our expansive interpretation of § 215(a)(3), we have never held that an employee is insulated from retaliation for participating in activities which are neither adverse to the company nor supportive of adverse rights under the statute which are asserted against the company.” Id. The Tenth Circuit further noted that “it is the assertion of statutory rights (i.e. the advocacy of rights) by taking some action adverse to the company — whether via formal complaint, providing testimony in an FLSA proceeding, complaining to superiors about inadequate pay, or otherwise — that is the hallmark of protected activity under § 215(a)(3).” Id. (emphasis in original).
Following McKenzie, three other circuits — the First, Fifth, and Sixth — have been presented with the question of how to apply § 215(a)(3) to managers. All of them adopted the manager rule. Pettit v. Steppingstone, 429-Fed.Appx. 524, 530 (6th Cir.2011) (unpublished); Hagan v. Echos-tar Satellite, LLC, 529 F.3d 617, 627 (5th Cir.2008); Claudio-Gotay v. Becton Dickinson Caribe, Ltd., 375 F.3d 99, 103 (1st Cir.2004). The majority asserts that other circuits adopted the manager rule “[without the benefit of Hasten’s generalized ‘fair notice’ rule ... [.]” (Maj. op. at 287.) I disagree that Hasten applies here or that *290 our sister circuits would have decided differently post-Kasten.
The sole question at issue in Kasten was whether “ ‘an oral complaint of a violation of the Fair Labor Standards Act’ is ‘protected conduct under the [Act’s] anti-retaliation provision.’ ” Kasten v. Saint-Gobain Performance Plastics Corp., 563 U.S. 1, 131 S.Ct. 1325, 1330, 179 L.Ed.2d 379 (2011) (citations omitted). The employee in Kasten was not a manager; he was an hourly manufacturing and production worker — the quintessential non-managerial employee — who orally complained to management about the company’s failure to pay his hourly wage for time spent donning and doffing protective wear. Id. at 1329-30. In that context, the Supreme Court determined that oral complaints fell within the scope of the phrase “filed any complaint” under the FLSA. Id. at 1336.
The Court also noted that an employer “must have fair notice that an employee is making a complaint that could subject the employer to a later claim of retaliation.” Id. at 1334. The Court did not opine as to what would constitute “fair notice” in the context of a complaint by a manager. The “fair notice” rule was merely instructive as to when an oral complaint is sufficient to rise to the level of protection from retaliation under the FLSA. Kasten provides only general guidance here and leaves undisturbed the well-reasoned opinions of four sister circuits regarding the specific application of § 215(a)(3) to managers.
Furthermore, Kasten supports the application of the manager rule. In reaching the conclusion that “filed any complaint” encompassed oral complaints, the Court held that “the phrase ‘filed any complaint’ contemplates some degree of formality ... [.]” Id. at 1334. The Court repeatedly referenced “oral grievances,” id. at 1333, in connection with “workplace grievance procedures,” id. at 1334, and emphasized that including oral complaints in the definition of “any complaint” allows for the use of “hotlines, interviews, and other oral methods of receiving complaints,” id. at 1334, as well as other “desirable informal workplace grievance procedures.” Id. The examples of oral complaints provided by the Supreme Court in Kasten contemplate a degree of formality not found here. Hotlines, interviews, and informal workplace grievance procedures all alert an employer to a complaint in a way that comments from a manager — even “consistent] and vigorou[s]” comments like those made by Plaintiff — do not. The manager rule is consistent with Kasten, by requiring a level of formality that shows the complainant has become adverse to the employer.
The Supreme Court’s reliance on the relative disadvantage of employees with respect to their employers also indicates that Kasten did not address, or intend to preclude, the application of a manager rule. The Court noted that an oral complaint procedure is necessary because workers may “find it difficult to reduce their complaints to writing, particularly illiterate, less educated, or overworked workers ...” and that “these were the workers most in need of the Act’s help.” Id. at 1333. Such disadvantage is entirely absent in the context of an upper-level manager like Plaintiff.
The majority claims to preserve the manager rule but, in reality, eliminates it. They accomplish this by focusing on the following language in Kasten:
A complaint must be sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the statute and a call for their protection.
Kasten, 131 S.Ct. at 1335.
The majority uses this sentence from Kasten — a case that had nothing whatso *291 ever to do with managers — as the basis for what they claim is a “fair notice” test, that must be applied in all § 215(a)(3) cases, including cases involving managers. But there is nothing in Kasten, no matter how long or hard one looks, to indicate that the Supreme Court was announcing such an all purpose test, and certainly nothing to suggest the Court was expressing any view at all on a case involving a manager.
The majority then, having set up this unsupported test, claims that it necessarily leads to a jury question in the present case. In the process, the majority accomplishes its goal of defining “filing a complaint” in the manner they prefer, which is to say broadly enough to include the internal statements of concern over FLSA policy expressed by the Plaintiff to other managers in the instant case.
The majority then concludes its analysis by stating:
We further hold that, on this record and applying Kasten’s “fair notice” rule, a jury reasonably could find that Plaintiff Alla Josephine Rosenfield, a managerial employee, filed such a complaint.
(Maj. op. at 284.)
Given the way the majority set up the issue, it would be impossible for a jury in the present case not to find that a complaint had been filed. How could a jury decide otherwise after being told that “filing any complaint” means “an assertion of rights protected by the statute and a call for their protection?” That is precisely what Ms. Rosenfield did. The majority’s approach defines “filing any complaint” to encompass the statements of a manager who in any way expresses a point of view regarding the employer’s compliance (or non-compliance) with the requirements of the FLSA.
By such reasoning, the majority eliminates altogether the essence of the manager rule as recognized by our sister circuits and improperly claims Supreme Court precedent requires such a result. In doing so, the majority applies Kasten where it has no application and formulates a jury question that is nothing more than an interpretation of law.
Moreover, remarkably, the majority’s opinion results in a process that gives managers more protection under the Act than non-managers. There is no way one can read Kasten and not see that a regular rank-and-file employee must step outside of her job and become adversarial to her employer in order to have protected status. A rank-and-file employee’s complaints and concerns about what the employee perceives as her employer’s noncompliance with the FLSA will not satisfy the Act’s requirement of “filing any complaint” until she effectively conveys her point of view to the company in a manner that shows she is adverse to the employer. Comments to co-workers will not suffice. But the majority’s reasoning allows a manager to be protected simply by expressing her point of view to other managers, internally, about what she perceives as the company’s non-compliance with the FLSA. It is a strange result the majority reaches which treats upper management better than the rank-and-file non-management employees for whom the Act’s protections are primarily designed. See Kasten, 131 S.Ct. at 1333 (finding non-management personnel to be “the workers most in need of the Act’s help”).
In dissent, all I ask for, to comply with the statute, is some showing that Ms. Ro-senfield stepped outside of her role as a manager and did something to become adverse to her employer, by filing some type of formal adversarial complaint. I find nothing in Kasten that supports the result reached by the majority.
*292 Furthermore, the manager rule is supported by the text and history of the FLSA. The FLSA protects employees who file any “complaint.” 29 U.S.C. § 215(a)(3). The phrase “filed any complaint” — in 1938 as now — suggests an adversarial process. To start a civil or criminal proceeding, one files a complaint. See Black’s Law Dictionary 380 (3d ed. 1933); see also Kasten, 131 S.Ct. at 1325 (looking to 1938 definitions when interpreting the phrase “filed any complaint”). Even in a non-legal context, the term “complaint” connotes adversity. See Webster’s New International Dictionary 546 (2d ed. 1934) (defining “complaint” as “[ejxpression of grief, regret, pain, censure, grievance, or resentment”). When a manager, as part of his or her job duties, alerts the company that it may not be in compliance with the FLSA, one ordinarily would not understand that report — even if zealously presented — as a “complaint.” Instead, it would be understood as taking a position on a matter of company concern in order to further the company’s interests.
Consistent with that historic understanding of what it means to “file any complaint,” and the well-reasoned opinions of four sister circuits and the Supreme Court in Kasten, I would affirm the district court’s ruling that there is nothing alleged in the Plaintiffs complaint to indicate that she stepped out of her role as director of human resources to file a complaint against her employer within the meaning of the FLSA.